UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRIAN AND BRANDY BOUDREAUX          CIVIL ACTION

VERSUS                              NUMBER 09-830-JJB-SCR

VOYAGER PROPERTY AND CASUALTY
INSURANCE COMPANY, ET AL.

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, November 20, 2009.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRIAN AND BRANDY BOUDREAUX           CIVIL ACTION

VERSUS                                NUMBER 09-830-JJB-SCR

VOYAGER PROPERTY AND CASUALTY
INSURANCE COMPANY, ET AL.

MAGISTRATE JUDGE'S REPORT

Before the court is a Motion to Remand filed by plaintiffs Brian and Brandy Boudreaux. Record document number 4. The motion is opposed.[1]

Plaintiffs filed suit in state court against defendants Voyager Property and Casualty Insurance Company and Home First Agency, Inc. to recover for damages to their mobile home. At the time of the loss, the mobile home was covered under an insurance policy issued by Voyager. American Bankers Insurance Company of Florida, the successor by merger to Voyager, removed the case to this court asserting jurisdiction under 28 U.S.C. § 1332(a).[2]

Plaintiffs moved to remand on the ground that the amount in controversy required by § 1332, $75,000, is not present. Although it is not facially apparent from the plaintiffs' state court

---

[1] Record document number 8.

[2] Record document number 1, Notice of Removal, ¶ 2. Complete diversity of citizenship is not disputed. Plaintiffs are both Louisiana citizens. American Bankers is a Florida corporation with its principal place of business in Florida. Home First Agency is a Delaware corporation with its principal place of business in Tennessee.

Petition for Damages that the either plaintiff's claims exceeded the required amount in controversy, the defendant argued that when the values of the various components of their claims are considered together, the required amount is met.

## Applicable Law

It is well settled that when faced with a motion to remand the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *rehg. denied*, 70 F.3d 26 (5th Cir. 1995).

Because plaintiffs in Louisiana state courts may not plead a numerical value of claimed damages,[3] the Fifth Circuit has established a framework for resolving disputes over the amount in controversy for actions removed based on diversity jurisdiction from Louisiana courts. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir. 2000). In such cases the removing defendant must prove by a preponderance of the evidence that the

---

[3] Louisiana Civil Code article 893. Article 893 was amended in June 2004. The amendment provided that while no specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand, "if a specific amount of damages is necessary to establish...the lack of jurisdiction of federal courts due to insufficiency of damages,...a general allegation that the claim exceeds or is less than the requisite amount is required." Plaintiffs failed to include a general allegation stating that their claims are less than the required jurisdictional amount. While not determinative, this factor supports the defendant's position.

jurisdictional amount is satisfied in one of two ways: (1) by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000.00, or (2) by setting forth facts--preferably in the removal petition, but sometimes by affidavit--that support a finding of the requisite amount. *Id.*; *Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002), *cert. denied*, 538 U.S. 945, 123 S.Ct. 1634 (2003).

Whatever the manner of proof, the jurisdictional facts that support removal must be judged at the time of removal. *Gebbia*, 233 F.3d at 883. If at the time of removal it is facially apparent from the petition that the amount in controversy exceeds $75,000.00, post-removal affidavits, stipulations and amendments reducing the amount do not deprive the court of jurisdiction. *Id.*; *Asociacion Nacional de Pescadores a Pequena Escalal O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041, 114 S.Ct. 685 (1994). However, post-removal affidavits may be considered in determining the amount in controversy, if the basis for jurisdiction is ambiguous at the time of removal. *Id.* If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000.00. *Grant*, 309 F.3d at 869;

*De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995); *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586 (1938).

## Analysis

It is not facially apparent from the allegations in the plaintiffs' petition that the value of either plaintiff's claims exceeds $75,000 exclusive of interest and costs. However, the defendant has shown by a preponderance of the evidence that the required amount in controversy is present.

The policy limits are $42,104 for damages to the dwelling, $10,500 for personal effects coverage, and $4,210 for additional living expenses.[4] Plaintiffs are seeking various damages and penalties in addition to amounts payable under the policy. Plaintiffs' most recent repair estimate is $53,593.[5] Since they have already been paid $17,334 under the dwelling coverage,[6] they are seeking $24,769 more in additional policy benefits plus $11,490 in damages. This item of damages totals $36,259.

Plaintiffs claim $7,673 for damages to their personal effects. They have already been paid $5,452.[7] Thus they are seeking $2,220

---

[4] Record document number 1-3, Notice of Removal, exhibit B.

[5] Record document number 1-6, Notice of Removal, exhibit D. This amount and most of the other are rounded for convenience.

[6] Record document number 1-5, Notice of Removal, exhibit C.

[7] Record document number 1-7, Notice of Removal, exhibit E.

4

more in additional policy benefits.

Plaintiffs claim for additional living expenses is uncertain, but the policy provides a maximum of $4,210.  Plaintiffs have been paid $2,000.[8]  This leave available $2,210 in additional policy benefits.

Plaintiffs also seek $3,547 for expenses incurred in the claims process.

The sum of these items of damages is $44,236.

Each plaintiff also seek damages for mental anguish.  Louisiana courts have awarded mental anguish damages of $25,000 in similar hurricane damage cases, even without the support of expert testimony.  See e.g. *Dickerson v. Lexington Insurance Company*, 556 F.3d 290 (5th Cir. 2009).[9]

Plaintiffs can recover a penalty of two times the consequential damages or $5,000, which is ever is greater, under LSA-R.S. 22:1973(c).  Amounts exceeding the available insurance coverage can be considered as consequential damages.  These amounts would be $11,490 (the difference between the dwelling limit and the repair estimate), $3,547 (claim process expenses), and $50,000

---

[8] Record document number 1-9, Notice of Removal, exhibit G.

[9] Plaintiff did not file with their Petition for Damages a binding stipulation limiting the amount of their mental anguish damages.  Nor have they filed an affidavit in this court which describes the mental anguish they allegedly suffered.  As noted above, a post-removal affidavit can be considered when the basis for jurisdiction is ambiguous at the time of removal.

(combined mental anguish damages), for a total of $65,037. Therefore, the plaintiffs can recover penalties totaling $130,074.

Plaintiffs can also recover attorney's fees under LSA-R.S. 22:1892. Defendant conservatively estimates an attorney's fee of $10,000. This is a reasonable estimate.

Using the above figures, the plaintiffs together may recover $184,310. This figure leads to the reasonable conclusion that the amount in controversy for each plaintiff is $92,155.[10]

Defendants have shown by a preponderance of the evidence that the amount in controversy required by § 1332 is met in this case. Plaintiffs have not shown to a legal certainty that neither of them can recover more than $75,000.

## Recommendation

It is the recommendation of the magistrate judge that the Motion to Remand filed by plaintiffs Brian and Brandy Boudreaux be denied.

Baton Rouge, Louisiana, November 20, 2009.

*[signature: Stephen C. Riedlinger]*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[10] Even if the defendant's estimate of general damages is too high by as much as $5,000 per plaintiff, the amount in controversy would still be met.

6